UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re: §
§
§
DEIBLER, KIMBERLY A § Case No. 06-06113
DEIBLER, PETER M §
§
§
Debtor(s) §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

     Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that JOSEPH E. COHEN, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

     The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
                    CLERK OF BANKRUPTCY COURT

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 0 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 2:00 PM on 01/28/2010 in Courtroom ,
                    Park City Branch Court
                    301 Greenleaf Avenue
                    Park City, IL 60085
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____      By: _____
                                                                  Clerk, U. S. Bankruptcy Court

*JOSEPH E. COHEN*
*105 WEST MADISON STREET*
*SUITE 1100*
*CHICAGO, IL 60602-0000*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN DISTRICT OF ILLINOIS

In re: §
§
DEIBLER, KIMBERLY A § Case No. 06-06113
DEIBLER, PETER M §
§
Debtor(s) §

**SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION**

*The Final Report shows receipts of*    $

*and approved disbursements of*    $

*leaving a balance on hand of*[1]    $

Claims of secured creditors will be paid as follows:

*Claimant*                                                             *Proposed Payment*
                                                                        $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee: JOSEPH E. COHEN | $_____ | $_____ |
| Attorney for trustee: | $_____ | $_____ |
| Appraiser: | $_____ | $_____ |
| Auctioneer: | $_____ | $_____ |
| Accountant: | $_____ | $_____ |
| Special Attorney for trustee: | $_____ | $_____ |
| Charges: | $_____ | $_____ |
| Fees: | $_____ | $_____ |
| Other: | $_____ | $_____ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (9/1/2009) *(Page: 2)*

    *Reason/Applicant*    *Fees*    *Expenses*

 *Other:*_____ $_____ $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

    *Reason/Applicant*  *Fees*    *Expenses*

*Attorney for debtor:*_____ $_____ $_____

*Attorney for:*_____ $_____ $_____

*Accountant for:*_____ $_____ $_____

*Appraiser for:*_____ $_____ $_____

*Other:*_____ $_____ $_____

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000001* | *Discover Bank/Discover Financial Services* | $_____ | $_____ |
| *000002* | *Capital One Bank* | $_____ | $_____ |

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000003 | Chase Bank USA NA | $ | $ |
| 000004 | eCAST Settlement Corporation | $ | $ |
| 000005 | Kohl's Department Store | $ | $ |
| 000006 | American Express Centurion Bank | $ | $ |
| 000007 | Sprint Spectrum LP DBA Sprint PCS | $ | $ |
| 000008 | eCAST Settlement Corp./Chase Bank | $ | $ |
| 000009 | B-Real, LLC/Chase Bank USA, N.A. | $ | $ |
| 000010 | B-Real, LLC/Chase Bank USA, N.A. | $ | $ |
| 000011 | Chase Bank USA N A | $ | $ |
| 000012 | eCAST Settlement Corp./HSBC Bank | $ | $ |
| 000013 | eCAST Settlement Corp./Household Bank | $ | $ |
| 000015 | Vista Medical Center | $ | $ |
| 000016 | LVNV Funding LLC /assignee of Citibank | $ | $ |
| 000017 | LVNV Funding LLC assignee of Citibank | $ | $ |

Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $ | $ |

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The amount of surplus returned to the debtor after payment of all claims and interest is $_____.

Prepared By: /s/Joseph E. Cohen_____
                          Trustee

*JOSEPH E. COHEN*
*105 WEST MADISON STREET*
*SUITE 1100*
*CHICAGO, IL 60602-0000*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.